## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

JIBBA ELLIE,

      Plaintiff,

      v.

SPRINT,

      Defendant.

Civil Action No. TDC-15-0881

## MEMORANDUM OPINION

Plaintiff Jibba Ellie brings this action against Defendant Sprint Solutions, Inc. ("Sprint"),[1] alleging discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (2012) ("Title VII"); the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.* (2012); the Genetic Information Non-Discrimination Act ("GINA"), 42 U.S.C. §§ 2000ff *et seq.* (2012); and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.* (2012). Pending before the Court is Sprint's Motion to Dismiss, ECF No. 12. Having reviewed the filings, the Court finds no hearing necessary. *See* D. Md. Local R. 105.6. For the following reasons, the Motion to Dismiss is GRANTED.

## BACKGROUND

On February 4, 2015, Ellie filed suit against Sprint in the District Court for Prince George's County, Maryland, alleging violations of Title VII, the ADEA, GINA, and the ADA. Ellie did not provide any factual background for the claims in the Complaint, but instead asserted

---

[1] Ellie's Complaint names "Sprint" as the defendant in this case. In its Motion to Dismiss, Defendant clarifies that "Sprint" is "not a legal entity" and that the appropriate defendant is Sprint Solutions, Inc. Mem. Supp. Mot. Dismiss at 2 n.1, ECF No. 12-1.

only that Sprint had engaged in discrimination and that Ellie had a right to sue. On March 27, 2015, Sprint timely removed the case to this Court. On April 1, 2015, Sprint filed its Motion to Dismiss, in which it asks this Court to dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(1) and (6). On April 3, 2015, the Court sent a letter alerting Ellie to the Motion to Dismiss, advising of the right to submit a response, and noting that any response was due within 17 days. On April 24, 2015, having received no response from Ellie, Sprint filed a Reply in Further Support of its Motion to Dismiss. The Court turns to the Motion to Dismiss, now ripe for adjudication.

## DISCUSSION

### I.    Dismissal for Lack of Subject Matter Jurisdiction

Ellie does not indicate whether the discrimination allegedly suffered was in an employment context or in some other context. Construing Ellie's Complaint as based on an employment relationship, Sprint asserts that the Complaint must be dismissed for lack of subject matter jurisdiction because Ellie has failed to establish exhaustion of administrative remedies. Sprint is correct.

In order to bring a claim of employment discrimination under Title VII, the ADEA, GINA, or the ADA, a plaintiff must have exhausted administrative remedies, meaning that the plaintiff must have filed a discrimination charge with the U.S. Equal Employment Opportunity Commission ("EEOC"), seen that investigation to its conclusion, and received a right-to-sue letter. The United States Court of Appeals for the Fourth Circuit has held that the failure to exhaust administrative remedies deprives this Court of subject matter jurisdiction.[2] *Jones v.*

---

[2]    Whether failure to exhaust administrative remedies is always a subject matter jurisdiction question has not been definitively established. The Supreme Court has noted that "[o]n the subject-matter jurisdiction/ingredient-of-claim-for-relief dichotomy, this Court and others have

2

*Calvert Group, Ltd.,* 551 F.3d 297, 300-01 (4th Cir. 2009) (Title VII and ADEA); *see Sydnor v. Fairfax Cnty., Va.,* 681 F.3d 591, 593 (4th Cir. 2012) (holding that ADA claims are subject to the same exhaustion requirements as Title VII claims); *Echols v. Living Classrooms Found., Inc.,* No. WDQ-13-315, 2014 WL 6835559, at *7 (D. Md. Dec. 2, 2014) (holding that 42 U.S.C. § 2000ff-6(a)(1), which provides that actions under GINA follow the same process as Title VII actions, provides that "GINA claims are subject to Title VII exhaustion requirements").

When a defendant challenges this Court's subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of proving that subject matter jurisdiction exists. *See Evans v. B.F. Perkins Co.,* 166 F.3d 642, 647 (4th Cir. 1999). Because Sprint has raised a Rule 12(b)(1) challenge, the burden is therefore on Ellie, through the allegations in the Complaint, to establish that this Court has jurisdiction over the claim. Ellie fails to carry this burden. If Ellie's intent is to pursue an employment discrimination claim, Ellie must allege facts establishing an employment relationship with Sprint, discrimination in that relationship by Sprint in violation of Title VII, the ADEA, GINA and/or the ADA, and exhaustion of administrative remedies on those claims.   In the Complaint, Ellie does not specify whether the alleged discrimination occurred in the context of an employer-employee relationship, nor does Ellie assert when or if a discrimination charge was filed with any administrative agency. Ellie only claims to be the victim of discrimination and to have the right to sue. Because Ellie has not established administrative exhaustion of any employment discrimination claims, this Court cannot exert

---

been less than meticulous," *Arbaugh* v. *Y & H Corporation,* 546 U.S. 500, 511 (2006), and has "cautioned ... against profligate use of the term ... 'jurisdictional,'" *Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs,* 558 U.S. 67, 82 (2009). Notably, the Fourth Circuit has held that the question of whether an administrative claim was timely filed with the EEOC is *not* jurisdictional. *Edelman* v. *Lynchburg Coll.,* 300 F.3d 400, 403-04 (4th Cir. 2002).

subject matter jurisdiction over these claims. Ellie's Complaint, construed as an employment discrimination action, is therefore dismissed.

## II.     Dismissal for Failure to State a Claim

If Ellie's discrimination claims are based on something other than an employment relationship, the claims under Title VII, the ADEA, and GINA must be dismissed with prejudice because those statutes apply only to employment relationships. *See* 42 U.S.C. § 2000e-2(a) (explaining that Title VII makes it unlawful "for an employer" to discriminate against employees based on race, color, religion, sex, or national origin); 42 U.S.C. § 2000ff-1(a) (explaining that GINA makes it unlawful "for an employer" to discriminate against employees based on genetic information");[3] 29 U.S.C. § 621(b) (explaining that the ADEA is designed "to prohibit arbitrary age discrimination in employment"); *U.S. Airline Pilots Ass'n v. Awappa, LLC*, 615 F.3d 312, 320 (4th Cir. 2010) (stating that when any alteration to a cause of action would be "futile" and have "no impact on the outcome of the motion to dismiss," the district court need not grant leave to amend).

Ellie may thus proceed on a non-employment discrimination claim only under the ADA, which permits suit for lack of access to public accommodations or commercial facilities. *See* 42 U.S.C. §§ 12181 *et seq.* Sprint asserts that if construed as such a claim, Ellie's Complaint must be dismissed because it fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

To overcome a Rule 12(b)(6) motion, a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible

---

[3]   GINA also makes it illegal for health insurance providers to discriminate in coverage based on an individual's genetic information. *See* Genetic Information Nondiscrimination Act of 2008, Pub. L. No. 110-233, §§ 101-106 (2008). Because Sprint is a telecommunications company, not a health insurance provider, these provisions are inapplicable.

when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice and are not entitled to the assumption of truth. *Id.* In evaluating the sufficiency of a plaintiff's claims, the Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and view the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005).

The United States Court of Appeals for the Fourth Circuit has stated that complaints, particularly *pro se* filings, "should not be scrutinized with such technical nicety that a meritorious claim should be defeated, and even if the claim is insufficient in its substance, it may be amended to achieve justice." *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Rice v. Olson*, 324 U.S. 786, 791-92 (1945)). However, the complaint must still contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

Even under the liberal standard for *pro se* pleadings, Ellie's Complaint fails to allege sufficient facts to state a plausible claim for relief. If Ellie's intent is to pursue a non-employment, ADA discrimination claim, Ellie must allege facts establishing membership in the class protected by the ADA, that is, the class of persons with disabilities, and a failure by Sprint adequately to accommodate a disability. Ellie, however, makes no such factual allegations. Ellie has therefore failed to offer "a short and plain statement of the claim" showing "entitle[ment] to relief." Fed R. Civ. P. 8(a)(2); *see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (explaining that "[d]istrict judges are not mind readers" and therefore cannot be expected

to "construct full-blown claims" based on insufficient factual allegations).   Thus, Ellie's Complaint, if construed as a non-employment, discrimination claim under the ADA, must be dismissed.

### CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant's Motion to Dismiss, ECF No. 12, is GRANTED.  Ellie's Complaint is DISMISSED.  A separate Order follows.

Date: October 5, 2015

THEODORE D. CHUANG
United States District Judge